UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TYRONE L. ADAMS,<br><br>    Plaintiff,<br><br>  vs.<br><br>CHARLES L. EASLEY, et al.,<br><br>    Defendants. | Case No: C 11-01219 SBA<br><br>**AMENDED ORDER DISMISSING SECOND AMENDED COMPLAINT** |

Pro se Plaintiff Tyrone Adams ("Plaintiff") filed the instant action on March 11, 2011. Dkt. 1. He filed a 163-page first amended complaint on July 1, 2011. Dkt. 16. On July 18, 2011, this Court issued an Order dismissing Plaintiff's first amended complaint on the ground that it is "devoid of allegations showing how each Defendant violated his rights." Dkt. 22. In this Order, the Court directed Plaintiff to amend his complaint to "allege specific facts of the role that each defendant had in violating his rights." Id.

On August 15, 2011, Plaintiff filed a 179-page second amended complaint. Dkt. 23. A review of this document reveals that it contains the same flaws as the first amended complaint. The second amended complaint, like the first amended complaint, is vague, rambling, and at times incomprehensible. The pleading does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or

occurrence giving rise to the claim and the elements of the prima facie case."). Rule 8 also requires that each allegation of a complaint be "simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." Id. at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." Id. at 1179.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a complaint give "fair notice" of the claim being asserted and the "grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. Id. at 649.

Here, the 179-page second amended complaint runs egregiously afoul of Rule 8(a)'s requirement that a complaint set forth a "short and plain statement" of Plaintiff's claims showing that he is entitled to relief, and therefore is subject to dismissal. The pleading is also subject to dismissal because it does not comply with Rule 8(d)(1)'s requirement that a complaint contain "simple, concise, and direct" allegations. The second amended complaint does not simply, concisely, or directly identify which wrongs were committed by which Defendants. The pleading lacks specific, clear allegations as to whom Plaintiff is suing for what wrongs. The pleading also does not plainly and succinctly identify the transaction or occurrence giving rise to each legal claim and the facts that support the elements of that claim. As such, the second amended complaint fails to plead sufficient facts of each Defendant's purported wrongdoing to provide fair notice of the claims alleged

1  against them and the grounds upon which those claims rest.  Accordingly, because the
2  second amended complaint fails to comply with the requirements of  Rule 8, it is
3  DISMISSED.  However, in light of Plaintiff's pro se status, the Court will afford Plaintiff
4  the opportunity file a third amended complaint consistent with this Order.  See Lopez v.
5  Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of pro se complaint for failure to
6  state claim is proper only where obvious that amendment would be futile).
7       In any amended complaint, Plaintiff should confine his allegations to the operative
8  facts supporting each of his claims.  Plaintiff is advised that all that is required under Rule
9  8(a)(2) is a "short and plain statement" of his claims showing that he is entitled to relief.
10 Plaintiff is further advised that Rule 8(d) requires that any amended complaint must contain
11 "simple, concise, and direct" allegations.  Plaintiff is strongly encouraged to limit his
12 allegations only to the facts that are relevant and material to his claims.  The amended
13 complaint should clearly delineate each legal claim, state facts indicating the nature and
14 grounds for each claim, and specifically identify the Defendant or Defendants he maintains
15 are liable for that claim.  It is not necessary for Plaintiff to cite case law or include legal
16 argument.  Plaintiff should be aware that a third amended complaint will supersede or
17 replace the second amended complaint and the second amended complaint will thereafter
18 be treated as nonexistent.  Armstrong v. Davis, 275 F.3d 849, 878 n.40 (9th Cir. 2001),
19 abrogated on other grounds by Johnson v. Cal., 543 U.S. 499 (2005).  The third amended
20 complaint must therefore be complete in itself without reference to the prior or superseded
21 pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in
22 an amended complaint are waived."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)
23 (citations omitted).
24       Accordingly, IT IS HEREBY ORDERED THAT:
25       1.   Plaintiff shall file a third amended complaint by no later than twenty-one (21)
26 days from the date of this Order.  The Court warns Plaintiff that a failure to timely file a
27 third amended complaint that complies with this Order will result in dismissal of this
28 action.

2. Due to Plaintiff's voluminous and improper filings, including, but not limited to, a 245-page opposition brief, a 124-page motion for leave to amend, and numerous filings that each request the Court to take judicial notice of hundreds of pages of documents, Plaintiff's future filings are hereafter limited. Plaintiff shall not file any documents with this Court other than a third amended complaint. In the event that the third amended complaint states a valid claim for relief, the Court will issue an Order outlining the limitations on Plaintiff's future filings. Failure to comply with this Order shall result in improperly filed documents being stricken from the record.

IT IS SO ORDERED

Dated: 3/19/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TYRONE L ADAMS,

       Plaintiff,

  v.

CHARLES L EASLEY et al,

       Defendant.
                                      /

Case Number: CV11-01219 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tyrone L. Adams
P.O. Box 981044
West Sacramento
West Sacramento, CA 95798

Dated: March 19, 2012
                                    Richard W. Wieking, Clerk
                                    By: Lisa Clark, Deputy Clerk