UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TYRONE L. ADAMS,<br><br>      Plaintiff,<br><br>  vs.<br><br>CHARLES L. EASLEY, et al.,<br><br>      Defendants. | Case No: C 11-01219 SBA<br><br>**ORDER DISMISSING ACTION** |

Pro se Plaintiff Tyrone Adams ("Plaintiff") filed the instant action on March 11, 2011. Dkt. 1. He filed a 163-page first amended complaint on July 1, 2011. Dkt. 16. On July 18, 2011, this Court issued an Order dismissing Plaintiff's first amended complaint on the ground that it is "devoid of allegations showing how each Defendant violated his rights." Dkt. 22. In this Order, the Court directed Plaintiff to amend his complaint to "allege specific facts of the role that each defendant had in violating his rights." Id.

On August 15, 2011, Plaintiff filed a 179-page second amended complaint, which contained the same flaws as the first amended complaint. Dkt. 23. In its Order dismissing the second amended complaint, the Court stated that the pleading is vague, rambling, and at times incomprehensible, and therefore did not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Dkt. 108. Specifically, the Court dismissed the second amended complaint on the ground that it violated "Rule 8(a)'s requirement that a complaint set forth a 'short and plain statement' of Plaintiff's claims showing that he is entitled to relief." Id. The second amended complaint was also dismissed on the ground

that it violated "Rule 8(d)(1)'s requirement that a complaint contain 'simple, concise, and direct' allegations." Id.

In dismissing the second amended complaint, the Court stated:

> The second amended complaint does not simply, concisely, or directly identify which wrongs were committed by which Defendants. The pleading lacks specific, clear allegations as to whom Plaintiff is suing for what wrongs. The pleading also does not plainly and succinctly identify the transaction or occurrence giving rise to each legal claim and the facts that support the elements of that claim. As such, the second amended complaint fails to plead sufficient facts of each Defendant's purported wrongdoing to provide fair notice of the claims alleged against them and the grounds upon which those claims rest.

Id.

In light of Plaintiff's pro se status, the Court afforded Plaintiff the opportunity to file a third amended complaint consistent with its Order. Dkt. 108. In doing so, the Court advised Plaintiff that "all that is required under Rule 8(a)(2) is a 'short and plain statement' of his claims showing that he is entitled to relief," and that he "is strongly encouraged to limit his allegations only to the facts that are relevant and material to his claims." Id. The Court also advised Plaintiff that any amended complaint should "clearly delineate each legal claim, state facts indicating the nature and grounds for each claim, and specifically identify the Defendant or Defendants he maintains are liable for that claim." Id.

On April 10, 2012, Plaintiff filed a 103-page third amended complaint. Dkt. 113. Putting aside the untimeliness of this filing, the third amended complaint does not correct the deficiencies identified by the Court in its Order dismissing the second amended complaint. Specifically, the third amended complaint does not set forth a short and plain statement of Plaintiff's claims showing that he is entitled to relief as required under Rule 8(a)(2). Nor does the third amended complaint contain "simple, concise, and direct" allegations. Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and the failure to adhere to this requirement is a basis for dismissal. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

The third amended complaint does not have simple, concise and direct averments. Instead, the pleading contains rambling, redundant, confusing factual averments, and is replete with conclusory allegations and argument about fraud, discrimination, retaliation, and conspiracies.  Like the second amended complaint, the third amended complaint does not clearly delineate each legal claim, plainly and succinctly identify the transaction or occurrence giving rise to each legal claim, and set forth the specific facts that support the elements of that claim.  In addition, despite being encouraged to limit his allegations only to facts that are relevant and material to his claims and being advised that it is not necessary to cite case law or include legal argument, the third amended complaint contains irrelevant facts and is full of legal argument and unnecessary citations to case law.

In sum, because the third amended complaint does not correct the deficiencies in the second amended complaint identified by the Court, dismissal of this action is warranted. Because Plaintiff did not correct the deficiencies in his first amended complaint, second amended complaint, or third amended complaint, there is no reason to conclude that he could or would do so with further leave to amend.  Consequently, this action is dismissed with prejudice.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED with prejudice.

2. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED

Dated:  6/8/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  TYRONE L ADAMS,

5          Plaintiff,

6    v.

7  CHARLES L EASLEY et al,

8          Defendant.
9  _____/

10

11                                      Case Number: CV11-01219 SBA

12                              **CERTIFICATE OF SERVICE**

13

14  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

15
   That on June 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
16 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
17 located in the Clerk's office.

18

19

20
   Tyrone L. Adams
21 P.O. Box 981044
   West Sacramento, CA 95798
22

23 Dated: June 8, 2012
                                    Richard W. Wieking, Clerk
24                                       By: Lisa Clark, Deputy Clerk

25

26

27

28