UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TYRONE L. ADAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHARLES L. EASLEY, et al.,<br><br>　　　　Defendants. | Case No: C 11-01219 SBA<br><br>**ORDER**<br><br>Docket 138 and 182. |

　　　Pro se Plaintiff Tyrone Adams ("Plaintiff") filed the instant action on March 11, 2011. Dkt. 1. On June 8, 2012, this Court issued an Order dismissing this action with prejudice because Plaintiff failed to cure the complaint's deficiencies despite repeated opportunities to do so. Dkt. 134.[1] On July 5, 2012, Plaintiff filed a document styled "Notice of Motion Pursuit [sic] to Federal Rule of Civil Procedure Rule 59 - Plaintiff's Motion New Trial; Altering or Amending A Judgment." Dkt. 138.

　　　A party may file a "motion to alter or amend a judgment" no later than twenty-eight days after entry of judgment. Fed.R.Civ.P. 59(e). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' " Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there

---

[1] AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.").

is an intervening change in the controlling law.' " Id. It is improper to use a Rule 59(e) motion to raise arguments or present evidence for the first time when the argument or evidence could reasonably have been raised earlier in the litigation. Id.

Although Plaintiff's rambling 25-page motion is not entirely clear as it is replete with immaterial legal argument and citations to irrelevant legal authority, the Court interprets Plaintiff's motion as arguing that reconsideration of the Court's Order dismissing this action with prejudice is appropriate on the grounds of newly discovered evidence, clear judicial error, and an intervening change in controlling law. The Court finds that Plaintiff has failed to satisfy his burden to show that "highly unusual circumstances" exist to justify the "extraordinary remedy" under Rule 59(e). Plaintiff has not demonstrated that the Court committed clear error in dismissing this action with prejudice based on his repeated failure to cure the complaint's deficiencies; specifically, his repeated failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Nor has Plaintiff demonstrated that reconsideration is warranted based on the discovery of new evidence or an intervening change in controlling law. Plaintiff did not cite any legal authority establishing that reconsideration is appropriate. Plaintiff also did not point to any evidence that could not have been raised earlier in the litigation and explained how such evidence establishes that reconsideration is appropriate.[2]

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for reconsideration is DENIED.

2. Defendants' request for an Order imposing sanctions against Plaintiff under 28 U.S.C. § 1927 and the Court's inherent authority is DENIED WITHOUT PREJUDICE.

---

[2] The Court notes that several of the Defendants request the Court to strike Plaintiff's reply briefs on the ground that they are untimely or improperly filed. Dkt. 182. While the reply briefs filed by Plaintiff are untimely, the Court declines to strike the briefs on this ground because Defendants have failed to articulate any prejudice caused by the untimeliness of Plaintiff's filings. The Court, however, strikes the reply briefs filed by Plaintiff at Docket 161 and Docket 181. As Defendants correctly point out, these reply briefs were improperly filed because they were not filed in response to an opposition.

1  The request does not comply with Civil Local Rule 7-8, which provides that any request for
2  sanctions must be presented by a duly noticed motion pursuant to Civil Local Rule 7-2.
3       3.   Plaintiff shall not file any motion or other document in this action without
4  prior leave of Court.  Despite this Court's previous Order limiting Plaintiff's filings based
5  on his repeated voluminous and improper filings, Plaintiff has continued to file documents
6  in violation of the Civil Local Rules and this Court's Standing Orders.  The Court warns
7  Plaintiff that if he files a motion or any other document in this action without prior leave of
8  Court he will be subject to sanctions.  In the event Defendants file a motion for sanctions,
9  Plaintiff is given leave to file an opposition to the motion not to exceed fifteen (15) pages.
10 Plaintiff, however, shall not file any other documents in connection with such a motion
11 without prior Court approval.
12      4.   This Order terminates Docket 138 and Docket 182.
13      IT IS SO ORDERED
14  Dated:  8/23/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TYRONE L ADAMS,

        Plaintiff,

  v.

CHARLES L EASLEY et al,

        Defendant.
                                          /

Case Number: CV11-01219 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tyrone L. Adams
P.O. Box 981044
West Sacramento, CA 95798

Dated: August 24, 2012
                                   Richard W. Wieking, Clerk
                                       By: Lisa Clark, Deputy Clerk