1

2

3            UNITED STATES DISTRICT COURT

4        FOR THE NORTHERN DISTRICT OF CALIFORNIA

5                  OAKLAND DIVISION

6

7  TYRONE L. ADAMS,                          Case No:  C 11-01219  SBA

8            Plaintiff,                      **ORDER**

9        vs.                                 Docket 138 and 182.

10 CHARLES L. EASLEY, et al.,

11           Defendants.

12

13        Pro se Plaintiff Tyrone Adams ("Plaintiff") filed the instant action on March 11,

14 2011.  Dkt. 1.  On June 8, 2012, this Court issued an Order dismissing this action with

   prejudice because Plaintiff failed to cure the complaint's deficiencies despite repeated

15 opportunities to do so.  Dkt. 134.[1]  On July 5, 2012, Plaintiff filed a document styled

16 "Notice of Motion Pursuit [sic] to Federal Rule of Civil Procedure Rule 59 - Plaintiff's

17 Motion New Trial; Altering or Amending A Judgment."  Dkt. 138.

18        A party may file a "motion to alter or amend a judgment" no later than twenty-eight

19 days after entry of judgment.  Fed.R.Civ.P. 59(e).  "While Rule 59(e) permits a district

20 court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to

21 be used sparingly in the interests of finality and conservation of judicial resources.' "

22 Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  "Indeed, 'a motion for

23 reconsideration should not be granted, absent highly unusual circumstances, unless the

24 district court is presented with newly discovered evidence, committed clear error, or if there

25

26 _____

27        [1] AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) ("A
   district court abuses its discretion by denying leave to amend unless amendment would be
   futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated
28 opportunities.").

1    is an intervening change in the controlling law.' "  Id.  It is improper to use a Rule 59(e)

2    motion to raise arguments or present evidence for the first time when the argument or

3    evidence could reasonably have been raised earlier in the litigation. Id.

4          Although Plaintiff's rambling 25-page motion is not entirely clear as it is replete with

5    immaterial legal argument and citations to irrelevant legal authority, the Court interprets

6    Plaintiff's motion as arguing that reconsideration of the Court's Order dismissing this action

7    with prejudice is appropriate on the grounds of newly discovered evidence, clear judicial

8    error, and an intervening change in controlling law.  The Court finds that Plaintiff has failed

9    to satisfy his burden to show that "highly unusual circumstances" exist to justify the

10   "extraordinary remedy" under Rule 59(e).  Plaintiff has not demonstrated that the Court

11   committed clear error in dismissing this action with prejudice based on his repeated failure

12   to cure the complaint's deficiencies; specifically, his repeated failure to comply with Rule 8

13   of the Federal Rules of Civil Procedure.  Nor has Plaintiff demonstrated that

14   reconsideration is warranted based on the discovery of new evidence or an intervening

15   change in controlling law.  Plaintiff did not cite any legal authority establishing that

16   reconsideration is appropriate.  Plaintiff also did not point to any evidence that could not

17   have been raised earlier in the litigation and explained how such evidence establishes that

18   reconsideration is appropriate.[2]

19         Accordingly,

20         IT IS HEREBY ORDERED THAT:

21         1.    Plaintiff's motion for reconsideration is DENIED.

22         2.    Defendants' request for an Order imposing sanctions against Plaintiff under

23   28 U.S.C. § 1927 and the Court's inherent authority is DENIED WITHOUT PREJUDICE.

24

25         [2] The Court notes that several of the Defendants request the Court to strike Plaintiff's
     reply briefs on the ground that they are untimely or improperly filed.  Dkt. 182.  While the
26   reply briefs filed by Plaintiff are untimely, the Court declines to strike the briefs on this
     ground because Defendants have failed to articulate any prejudice caused by the
27   untimeliness of Plaintiff's filings.  The Court, however, strikes the reply briefs filed by
     Plaintiff at Docket 161 and Docket 181.  As Defendants correctly point out, these reply
28   briefs were improperly filed because they were not filed in response to an opposition.

1   The request does not comply with Civil Local Rule 7-8, which provides that any request for

2   sanctions must be presented by a duly noticed motion pursuant to Civil Local Rule 7-2.

3         3.      Plaintiff shall not file any motion or other document in this action without

4   prior leave of Court.  Despite this Court's previous Order limiting Plaintiff's filings based

5   on his repeated voluminous and improper filings, Plaintiff has continued to file documents

6   in violation of the Civil Local Rules and this Court's Standing Orders.  The Court warns

7   Plaintiff that if he files a motion or any other document in this action without prior leave of

8   Court he will be subject to sanctions.  In the event Defendants file a motion for sanctions,

9   Plaintiff is given leave to file an opposition to the motion not to exceed fifteen (15) pages.

10   Plaintiff, however, shall not file any other documents in connection with such a motion

11   without prior Court approval.

12         4.      This Order terminates Docket 138 and Docket 182.

13      IT IS SO ORDERED

14    Dated:  8/23/12                                        _____
                                                             SAUNDRA BROWN ARMSTRONG
15                                                           United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TYRONE L ADAMS,

      Plaintiff,

  v.

CHARLES L EASLEY et al,

      Defendant.

                               /

Case Number: CV11-01219 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tyrone L. Adams
P.O. Box 981044
West Sacramento, CA 95798

Dated: August 24, 2012

                          Richard W. Wieking, Clerk
                               By: Lisa Clark, Deputy Clerk