UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TYRONE L. ADAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHARLES L. EASLEY, et al.,<br><br>　　　　Defendants. | Case No: C 11-01219 SBA<br><br>**ORDER**<br><br>Docket 189 |

　　　Pro se Plaintiff Tyrone Adams ("Plaintiff") filed the instant action on March 11, 2011. Dkt. 1. On June 8, 2012, the Court dismissed this action with prejudice. Dkt. 134. On July 5, 2012, Plaintiff filed a document styled "Notice of Motion Pursuit [sic] to Federal Rule of Civil Procedure Rule 59 - Plaintiff's Motion New Trial; Altering or Amending A Judgment." Dkt. 138. On August 24, 2012, the Court issued an Order denying this motion. Dkt. 188. In that Order, the Court directed Plaintiff not to file any motion or other document in this action without prior leave of Court. Id.

　　　Presently before the Court is Plaintiff's motion for leave to file an objection to the Court's August 24, 2012 Order, and for leave to file a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 189. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **DISCUSSION**

    **A.**     **Request for Leave to File an Objection**

Plaintiff requests leave to file an objection to the Court's August 24, 2012 Order denying his motion under Rule 59.  Dkt. 189.  Plaintiff, however, does not specifically state the basis on which he requests permission to object to this Order.  The Court construes Plaintiff's request as a request for leave to file a motion for reconsideration.

The Civil Local Rules of this Court specify that a motion for reconsideration cannot be filed unless the party seeking reconsideration has first sought and obtained leave to file such a motion in accordance with Civil Local Rule 7-9.  Local Rule 7-9 states:

> (b) Form and Content of Motion for Leave.  A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9.

The Court finds that Plaintiff's motion fails to comport with Civil Local Rule 7-9.  Plaintiff has not identified any material difference in fact or law from which was presented to the Court before the issuance of the August 24, 2012 Order that he did not know of in the exercise of reasonable diligence.  Nor has Plaintiff identified the emergence of any new material fact or a change of law occurring after the August 24, 2012 Order, or shown a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court prior

to the entry of the August 24, 2012 Order.  Accordingly, Plaintiff's request for leave to file an objection to the Court's August 24, 2012 Order is DENIED.

### B. Request for Leave to File A Motion Under Rule 60(b)

Rule 60(b) states that "[o]n motion and just terms," the court may relieve a party from a final judgment, order, or proceeding on various grounds, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief.  Fed.R.Civ.P. 60(b).  A motion seeking relief under Rule 60 is addressed to the sound discretion of the district court.  Lemoge v. U.S., 587 F.3d 1188, 1191-1192 (9th Cir. 2009).

In the instant motion, Plaintiff has failed to clearly articulate the basis on which the Court should grant him relief under Rule 60(b).  While Plaintiff requests permission to file a Rule 60(b) motion based on "extrinsic fraud," he has failed to identify any fraud by an opposing party or explain why relief is appropriate on this basis.  Further, to the extent Plaintiff argues that relief is warranted under Rule 60(b) based on newly discovered evidence, he has failed to specifically identify any "new evidence" or demonstrate why such evidence warrants relief from the Court's Order dismissing this action with prejudice.  Plaintiff has not otherwise shown that any of the other Rule 60(b) factors apply.  Accordingly, Plaintiff's request for leave to file a motion for relief from judgment under Rule 60(b) is DENIED.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to file an objection to the Court's August 24, 2012 Order, and for leave to file a motion for relief from judgment under Rule 60(b) is DENIED.

2. This Order terminates Docket 189.

IT IS SO ORDERED

Dated: 8/26/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge